UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LANE BAXTER,

    Petitioner,

 v.           Case No. 07-C-221

JUDY SMITH,

    Respondent.

**DECISION AND ORDER**

  Petitioner Lane Baxter, an inmate at Oshkosh Correction Institution, has filed a pro se petition for a writ of error coram nobis under 28 U.S.C. § 1651, the All Writs Act, for review of his state incarceration proceedings. He also moves for leave to proceed *in forma pauperis* and has tendered to the clerk a check in the amount of $32 as an initial partial payment of the filing fee pursuant to 28 U.S.C. § 1915(b)(1).

  Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of

twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, Baxter has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has paid an initial partial filing fee of $32. Upon review of the trust account statement and affidavit, I am satisfied that Baxter is unable to pre-pay the full statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In this case, Baxter seeks to obtain federal review of his state court conviction via a petition for a writ of coram nobis pursuant to 28 U.S.C. § 1651. Although 28 U.S.C. § 2254 is the more familiar vehicle for seeking federal review of state custody, Baxter has filed under § 1651 because he claims the rules of § 2254 habeas relief, as enacted through the Antiterrorism and Effective Death Penalty Act (AEDPA), have improperly formed "de facto government" rules and restricted his ability to file successive petitions. Specifically, he asserts that he has been denied permission from the Seventh Circuit to file a second or successive § 2254 petition. His only remedy, in his view, is a writ of error under § 1651.

It is clear, however, that § 1651 is not a viable alternative to § 2254. It would make no sense for Congress to enact, and the courts to enforce, the bar on successive habeas petitions found in § 2244(b) if all a prisoner had to do was cite a different statute. That would create a loophole so large that it would eviscerate § 2254 itself, not merely with respect to the bar on successive petitions but also to the entire habeas framework, including the procedural requirements set forth in § 2254 and § 2244(d)'s limitations period. As the Seventh Circuit has put it:

> every collateral attack by a state prisoner on a final judgment of conviction necessarily depends on § 2254. It is not possible to escape its limitations by citing some other statute. The All Writs Act has even less to offer Owens than does § 2241, because writs in the nature of coram nobis are limited to former prisoners who seek to escape the collateral civil consequences of wrongful conviction.

3

> Persons still in custody must look to § 2254 or § 2255 for relief; they cannot use § 1651(a) to escape statutory restrictions on those remedies.

*Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir. 2000) (citations omitted).

Accordingly, because § 1651 does not authorize the relief petitioner seeks, the petition will be denied. Baxter's motion for reimbursement of fees imposed by the state court in connection with his underlying conviction, which was filed contemporaneously with the petition for a writ of error coram nobis, will also be denied.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $318 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

4

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

Dated this   16th   day of March, 2007.

        s/ William C. Griesbach  
        William C. Griesbach  
        United States District Judge